# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KENNETH R. HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-459-RAW-SPS |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Kenneth R. Hill requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or his impairment *is not* medically severe, disability benefits are denied. If he *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on November 18, 1954, and was fifty-seven years old at the time of the administrative hearing (Tr. 64). He completed eighth grade and has worked as a feeder-assembler and grocery bagger[2] (Tr. 47, 198). The claimant alleges an amended onset date of March 16, 2011, due to back pain and numbness in his right leg and foot, as well as mental impairments including memory problems (Tr. 198).

**Procedural History**

The claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on March 16, 2011. His application was denied. ALJ Edward L. Thompson conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated August 2, 2012 (Tr. 37-48). The Appeals Council denied review, so the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found the claimant retained the residual functional capacity ("RFC") to perform medium work as defined by 20 C.F.R. § 404.1567(c), except that the claimant was limited in that he could

---

[2] The claimant disputes that this past relevant work qualified as substantial gainful activity. The undersigned Magistrate Judge declines to address this issue in light of the finding that the case should be reversed and remanded to the ALJ on other grounds as described below.

perform simple tasks with routine supervision, can relate to supervisors and peers on a superficial work basis, can adapt to a work situation, but cannot relate to the general public (Tr. 45). The ALJ concluded that the claimant was not disabled because he could return to his past relevant work of feeder-assembly and grocery bagger (Tr. 47).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinion of state reviewing physician Dr. Phillip Massad, Ph.D., and as a result, (ii) the ALJ's step four findings were not based on substantial evidence because his hypothetical to the vocational expert (VE) did not include all his impairments with precision. The undersigned Magistrate Judge agrees that the ALJ did not properly assess Dr. Massad's opinion, and the case should be reversed.

State reviewing physician Dr. Massad completed a Psychiatric Review Technique on June 29, 2011 (Tr. 426-439). Dr. Massad found that claimant's mental impairments consisted of major depressive disorder, moderate, recurrent, and alcohol dependence and drug abuse (Tr. 429, 434). As a result, Dr. Massad found that claimant was moderately impaired in the functional categories of activities of daily living and maintaining social functioning, and mildly impaired with regard to maintaining concentration, persistence, or pace (Tr. 436). Dr. Massad also completed a Mental RFC Assessment and found that claimant was markedly limited in the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public (Tr. 421-422). In his written comments, Dr. Massad

wrote that claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public, and could adapt to a work situation (Tr. 423).

The claimant first argues that the ALJ failed to properly analyze Dr. Massad's opinion. More specifically, the claimant argues that the ALJ failed to acknowledge Dr. Massad's findings that the claimant was markedly limited in the ability to understand and remember detailed instructions and the ability to carry out detailed instructions in his RFC findings. Social Security Ruling 96–6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. These opinions are to be treated as medical opinions from non-examining sources. *Id.* at *2. Although the ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision. *Id. See also Valdez v. Barnhart,* 62 Fed. Appx. 838, 841 (10th Cir.2003) ("If an ALJ intends to rely on a non-examining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii). Here, the ALJ gave great weight to Dr. Massad's written findings, even copying them verbatim in his written opinion, but failed to discuss why he refrained from specifically including the limitations related to the claimant's marked limitation in the ability to understand, remember, and carry out detailed instructions. *See, e.g., Hardman v. Barnhart,* 362 F.3d 676, 681 (10th Cir.2004) (noting that the ALJ may not "pick and choose among medical

reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler,* 742 F.2d 382, 385–86 (7th Cir.1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The government argues that because the ALJ limited the claimant to simple tasks with routine supervision, he *did* incorporate Dr. Massad's finding that the claimant was markedly limited in those areas related to detailed instructions. Even if the Court agreed with that argument, there is still an issue with the two jobs identified by the VE with respect to their reasoning level requirements. The VE identified the jobs of fabricator-assembly, DICOT § 692.686-010, and grocery bagger, DICOT § 920.687-014, as work the claimant could perform with the associated RFC. Both occupations have a GED reasoning level of 2, which require a worker to "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." DICOT §§ 692.686-010, 920.687-014 [emphasis added]. The GED reasoning levels best identify the level of simplicity (or, conversely, complexity) associated with the job. *See, Cooper v. Barnhart,* 2004 WL 2381515, at *4 (N.D.Okla.2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted]. If a claimant is limited to simple tasks, it stands to reason that a job requiring the ability to understand and carry out detailed but uninvolved written or oral instructions would create a conflict. *See, McKinnon v. Astrue,* 2010 WL 3190621, at *5 (D.Colo. Aug. 12, 2010); *Allen v. Barnhart,* 2003 WL

22159050, at *10 (N.D.Cal. Aug. 28, 2003) (examining the requirements of the GED reasoning level of 2 and finding that "[t]he need to follow 'detailed' and 'involved' instructions exceeds the ALJ's limitation of plaintiff to 'simple, routine tasks.' Such instructions are not simple and uncomplicated, or limited to one or two steps."). "[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir.1999). *See also Krueger v. Astrue,* 337 Fed. Appx. 758, 760–762 (10th Cir.2009) (reversing and remanding in part because the ALJ failed to resolve a conflict between VE's testimony and DOT job descriptions); *Poppa v. Astrue,* 569 F .3d 1167, 1173 (10th Cir.2009) (noting that SSR 00–4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]"); *Hackett v. Barnhart,* 395 F.3d 1168, 1175 (10th Cir.2005) (applying *Haddock* to nonexertional limitations). Furthermore, "[t]he [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock*, 196 F.3d at 1091.

Although the unresolved conflict as to the claimant's mental limitations would have been harmless error if other jobs had been identified that did not pose a conflict, they are not harmless here because both jobs identified had an SVP of 2. *See Stokes v.*

*Astrue,* 274 Fed. Appx. 675, 684 (10th Cir.2008) (finding any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion].

For the reasons set forth above, the Court concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for proper analysis of the medical opinions of record. If such analysis results in any adjustments to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 6th day of March, 2015.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**